IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: THE MATTER OF ) | |
| THE SEARCH OF ) | |
| ) | CR. NO. 2:08mj12-CSC |
| ) | |
| GOLDEN KEY TAX SERVICE ) | |

## GOVERNMENT'S RESPONSE TO MOTION TO RETURN SEIZED PROPERTY

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and files this response to the motion filed by Shannon Nelson seeking return of certain property seized from Golden Key Tax Service on or about February 19, 2008 (docket #6, hereinafter "Motion").

With respect to property taken during the execution of search warrants, Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person "aggrieved by an *unlawful* search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g) (emphasis added). Although Rule 41(g) is ordinarily used to seek return of property after an indictment is issued, district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant. *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993) (construing former Rule 41(e)). Such motions are treated as civil equitable proceedings, however, and a district court must exercise "caution and restraint" before assuming jurisdiction. *Id.* (ciing *Kitty's East v. United States*, 905 F.2d 1367, 1370 (10th Cir. 1990)).

Before it can reach the merits of a pre-indictment Rule 41(g) motion, a district court must consider and weigh four factors: (1) whether the Government displayed a "callous disregard for the constitutional rights of the movant"; (2) whether the movant

has an individual interest in and need for the property he wants returned; (3) whether the movant would be irreparably injured by denying return of the property; and (4) whether the movant has an adequate remedy at law for the redress of his grievance. *Id.* at 324-25 (citing *Richey v. Smith*, 515 F.2d 1239, 1243-44 (5th Cir. 1975); *Kiesel Company, Inc. v. Householder*, 879 F.2d 385, 387 (8th Cir. 1989)). Weighing these factors, the Court may decide that it has jurisdiction to consider the Motion on its merits. Even in that event, however, the Court should deny the Motion, because the search and seizure at issue were reasonable, while the request set forth in the Motion is unreasonable.

1. **TO THE EXTENT THAT THE MOTION SEEKS THE *RETURN* OF ANY SEIZED PROPERTY, IT IS UNFOUNDED AND SHOULD ACCORDINGLY BE DENIED.**

    The Motion does not allege that the search of Golden Key Tax Service violated any constitutional rights or was otherwise unlawful. Though it does aver that the "search warrant was overly broad and requested virtually each and every business record and document" (Motion at 1), that claim is not borne out by the search warrant or its attachments. Indeed, the search warrant issued by this Court and executed by Special Agents of the Internal Revenue Service was reasonable in all respects and supported by probable cause. The items to be seized were properly limited in scope to include only what could reasonably be expected to contain contraband and evidence or fruits of a violation of the United States Code provisions listed on the face of the warrant application.

    Because it was a lawful search, the documents, data, and other items seized during the execution of the warrant are in the lawful possession of the Internal Revenue Service. The IRS has had them now for exactly one month, and the investigation is ongoing.

There is simply no valid reason to require the Government to *return* to Golden Key Tax Service any of the items that were lawfully seized from Golden Key Tax Service.

2.  **TO THE EXTENT THAT THE MOTION REQUESTS ACCESS TO ALL OF THE ITEMS LAWFULLY SEIZED, IT IS UNREASONABLE.**

Under Rule 41(g), in the absence of an unlawful search and seizure, the <u>only</u> grounds for allowing the movant to inspect and copy <u>any</u> of the documents and other evidence lawfully seized from Golden Key Tax Service is that the movant has been inequitably aggrieved by the deprivation of that property. Here, the Motion must fail, because it does not specify which documents or other items are being requested.[1]

It would be unreasonable to allow the movant to inspect and copy <u>everything</u> that was seized. First, the movant has not demonstrated an actual need for any particular items. Though the hard drives were imaged on site, none of the computers utilized by Golden Key Tax Service were seized during the execution of the search warrant, and most of the records referred to in the Motion are still accessible on those computers. Likewise, employee payroll information was not listed in the inventory return sheet attached to the Motion, and federal agents do not believe that any payroll documents were seized during the search.[2] *See United States v. Hill*, No. 99 CR 50004, 2004 U.S. Dist. LEXIS 6127, *2 (N.D. Ill. Apr. 12, 2004) ("[T]he fact the government does not have the property is ordinarily a conclusive ground for the denial of the [Rule 41(g)] motion").

---

[1] The undersigned attorney for the Government sought out the attorney for Golden Key Tax Service and asked him to provide a more detailed list, but though such a list was promised weeks ago, it has not yet been received.

[2] If that belief is incorrect, the Government will work with Golden Key Tax Service to make any and all payroll documents available for inspection and copying.

3

Second, a large subset of the items at issue consist of fraudulent tax documents. Allowing the movant to review and retain copies of those documents would be unreasonable, because it would put what are essentially the instruments of a federal crime back in the hands of the suspected criminals. The search warrant in this case was supported by probable cause to believe that Golden Key Tax Service has defrauded the United States Government by filing false income tax returns. Under what rule of law must this Court affirmatively enable a fraudulent business to continue to file fraudulent tax returns while a federal investigation is pending? There is none. Rather, the law holds that, in the context of Rule 41(g), a defendant is not entitled to the return of contraband. *United States v Melville*, 309 F. Supp. 829, 833 (S.D.N.Y. 1970); *cf. United States v Bagley*, 899 F.2d 707, 798 (8th Cir. 1990) ("[T]o allow [Bagley] to reap the economic benefit from ownership of weapons [] which it is illegal for him to possess would make a mockery of the law.").

Furthermore, giving the movant access to all of the client files and taxpayer information, including notes of client intake interviews, taxpayer sign-in sheets, receipts, personal income statements, Forms W-2, and Forms 1099, would actually assist the target of the investigation in identifying potential witnesses and possibly interfering with the Government's investigation. By contrast, this Court properly ordered the affidavit accompanying the search warrant to be sealed so as not to compromise the ongoing criminal investigation or the safety of any law enforcement officers involved. Allowing the movant to inspect all of the taxpayer records and filings seized would effectively defeat the purpose of the Court's Order. The Motion does not address this concern.

Without knowing which documents are required by Golden Key Tax Service to meet its various legal obligations, and balancing the equities at issue, this Court should deny the Motion.

**3.    RULE 41(G) SHOULD NOT BE USED AS A DISCOVERY TOOL.**

Finally, the Government objects to the Motion to the extent that it prematurely attempts to discover the prosecution's investigative file before the time set by Rule 16(c) of the Federal Rules of Criminal Procedure, this Court's Standing Order on Criminal Discovery (issued February 4, 1999), or otherwise required by law (*e.g.*, *Brady v. Maryland*, 373 U.S. 63 (1963), *United States v. Giglio*, 405 U.S. 150 (1972).  The Government is prepared to work with Golden Key Tax Service, its members, and its attorneys to provide reasonable access to other documents and items seized – items that do not raise concerns about enabling the continuation of fraudulent tax preparation, interference with an ongoing federal investigation, or untimely discovery requests – but that dialogue should occur cooperatively between the parties.  It should not be compelled by this Motion.

For the foregoing reasons, the Motion should be denied.

Respectfully submitted this the 19th day of March, 2008.

LEURA G. CANARY
UNITED STATES ATTORNEY

*/s/ Nathan D. Stump*
NATHAN D. STUMP
Assistant United States Attorney
131 Clayton Street
Montgomery, AL  36104-3429
Tel: (334) 223-7280
Fax: (334) 223-7560
Email: nathan.stump@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: THE MATTER OF ) | |
| THE SEARCH OF ) | |
| ) | CR. NO.  2:08mj12-CSC |
| ) | |
| GOLDEN KEY TAX SERVICE ) | |

**CERTIFICATE OF SERVICE**

     I, Nathan D. Stump, Assistant United States Attorney, hereby certify that on this the 19th day of March, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record.

                                Respectfully submitted,

                                */s/ Nathan D. Stump*
                                NATHAN D. STUMP
                                Assistant United States Attorney
                                131 Clayton Street
                                Montgomery, AL  36104-3429
                                Tel: (334) 223-7280
                                Fax: (334) 223-7560
                                Email: nathan.stump@usdoj.gov